UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CODY LAIDLAW,<br><br>                            Plaintiff,<br><br>vs.<br><br>SUPERNUS PHARMACEUTICALS, INC.,<br><br>                            Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Cody Laidlaw ("Plaintiff"), by his undersigned attorneys, alleges, based upon personal knowledge as to himself and his own acts and on information and belief as to all other matters which is based upon filings made by Supernus Pharmaceuticals, Inc. ("Supernus" or the "Company") with the U.S. Securities and Exchange Commission ("SEC"), as follows:

**NATURE OF THE ACTION**

1.      On April 24, 2020, Supernus filed with the SEC and furnished to the Company's stockholders a definitive proxy statement (the "Proxy Statement" or "Solicitation")[1] with respect to an annual meeting (the "Annual Meeting') scheduled to take place on June 15, 2020. The fourth proposal ("Proposal 4") contained in the Proxy Statement seeks stockholder action, by way of a vote, to act upon a proposal to amend and restate the Supernus Pharmaceuticals, Inc. 2012 Equity Incentive Plan (the "2012 Plan") to increase the number of shares available under the plan and the fifth proposal ("Proposal 5" and with Proposal 4 the "Proposals") contained in the Proxy Statement seeks stockholder action, by way of a vote, to act upon a proposal to amend and restate the Supernus Pharmaceuticals, Inc. 2012 Employee Stock Purchase Plan (the "2012

---

[1] *Available at* www.sec.gov/Archives/edgar/data/1356576/000110465920050721/tm2016301-1_def14a.htm.

ESPP Plan") to increase the number of shares available under the plan and to make certain technical and administrative changes.

2.  The proxy rules issued by the SEC "have the force and effect of law." *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977). However, in seeking stockholder approval of the Proposals, as alleged in greater detail below, the Company failed to comply with the disclosure requirements of Schedule 14A promulgated under the Securities Exchange Act of 1934 (the "Exchange Act"), 17 C.F.R. § 240.14a-101 ("Schedule 14A"), which governs proxy solicitation. Specifically, Item 10(a)(1) of Schedule 14A requires, *inter alia*, that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed[,]" certain further information must be furnished. Additionally, Item 10(b)(2)(i) of Schedule 14A requires that "[w]ith respect to … any plan containing options, warrants or rights submitted for security holder action[,]" certain further information must be stated. The Plan "allows for various types of equity-based compensation, including . . . incentive stock options, non-qualified stock options, stock appreciation rights, [and] dividend equivalent rights[.]"

3.  The equity to be offered pursuant to the Proposals represents more than 7.6% of the Company's outstanding equity is worth approximately $80 million.  That equity, and presumably the grants pursuant to Proposal 4, will be largely, if not primarily, granted to the Company's management.

4.  The Proposals do not comply with the SEC's disclosure requirements for proxy statements, codified at Items 10(a)(1) and 10(b)(2)(i) of Schedule 14A. Accordingly, Plaintiff, a Supernus stockholder whose vote is being solicited through the Proxy Statement, is bringing this direct action under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and the rules and

regulations of the SEC to enjoin a vote by the Company's stockholders on Proposal 4 and Proposal 5 until the defects in the Solicitation are cured.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

6. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

7. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue occurred as numerous Solicitations were or will be mailed to Supernus stockholders residing in this District and because Supernus trades on the NASDAQ, which is based in New York.

## PARTIES

8. Plaintiff, a Supernus stockholder as of April 16, 2020 (the "Record Date"), is entitled to notice of, to participate in, and to vote at the Annual Meeting.

9. Supernus Pharmaceuticals, Inc., focuses on the development and commercialization of pharmaceutical products for the treatment of central nervous system diseases in the United States. Supernus is headquartered in Maryland. The Company's common stock trades on the NASDAQ under the ticker "SUPN" and as of the Record Date, there were 52,537,659 shares of its common stock outstanding and eligible to vote at the Annual Meeting.

## WRONGFUL ACTS AND OMISSIONS

10. Supernus' five named executive offices have received option awards valued by the Company at over $24.3 million from 2017 through 2017, with over $16.8 million of that option compensation having been granted to the Company's CEO. The Company has a market capitalization of approximately $1.05 billion.

11. Supernus has scheduled its Annual Meeting for June 15, 2020, and the Record Date to vote on the proposals in the Solicitation as April 16, 2020.

12. The Proxy Statement says that "**[t]he Board of Directors deems the above proposal to be in our best interests and recommends a vote 'FOR' the amendment to the 2012 Equity Incentive Plan**" and that "**[t]he Board of Directors deems the above proposal to be in our best interests and recommends a vote "FOR" the amendment to the 2012 Employee Stock Purchase Plan.**"

13. The Solicitation states that Proposal 4 is recommended, in part, because "The Board of Directors believes it is in our best interests to increase the number of shares available for making awards under the 2012 Plan in order for us to continue to attract and retain highly qualified directors, officers, employees and consultants."

14. The Solicitation states that Proposal 5 is recommended, in part, "in order for eligible employees to purchase additional shares of our common stock."

15. The Proposals fail to provide legally required information. The Proxy Statement does not include sufficient information for Supernus stockholders to understand how many participants are eligible to participate in the Plan despite the fact that Item 10(a)(1) requires that:

> If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

16. Instead of providing the "approximate number of persons in each such class" as required by Item 10(a)(1), Proposal 4 tells Supernus's stockholders the following about who may be eligible to receive these awards:

4

> Key employees and directors of, and consultants and advisors to, Supernus and its affiliates are eligible to participate in the 2012 Plan, but only such persons as selected by the administrator become participants.

17. Instead of providing the "the basis of such participation" as required by Item 10(a)(1), Proposal 4 omits how the administrator will determine which of the Company's employees are "key Employees." The Proxy Statement and 2012 Plan are also unclear as the basis of participation for directors, consultants, and advisors to the Company and its Affiliates, including whether the grants to such persons are limited to "key" directors, consultants, and advisors.

18. Instead of providing the "approximate number of persons in each such class" as required by Item 10(a)(1), Proposal 5 tells Supernus's stockholders the following about who may be eligible to receive these awards:

> Each employee of Supernus and its designated subsidiaries that is employed on an applicable enrollment deadline are entitled to participate, other than an employee that owns or is deemed to own 5% or more of the total combined voting power or value of all classes of our stock or our subsidiaries. In addition, no employee will be granted an option under the ESPP that would permit his or her rights to purchase shares of stock under all employee stock purchase plans of Supernus and its subsidiaries to accrue at a rate that exceeds $25,000 (or such other maximum as may be prescribed from time to time by the Code) in fair market value of such stock (determined at the time the option is granted) for any calendar year during which any such option granted to such employee is outstanding at any time.

19. The above excerpts merely states categories of persons. The Proxy Statement fails to state or explain how many persons are in each of those categories.

20. The Proposals fails to provide any information regarding how many participants may be awarded the compensation from the Plan that stockholders are being asked to approve, and who may be awarded the additional 3,000,000 shares of Supernus stock pursuant to the 2012 Plan and 1,000,000 shares of Supernus stock pursuant to the 2012 ESPP Plan (collectively worth

approximately $80 million, and representing more than 7.6% of the Company's outstanding equity) that stockholders are being asked to approve.

21. The Solicitation also fails to comply with Item 10(b)(2)(i) of Schedule 14A, which requires that:

> With respect to any specific grant of or any plan containing options, warrants or rights submitted for security holder action, state:
>
> (A) The title and amount of securities underlying such options, warrants or rights;
>
> (B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;
>
> (C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;
>
> (D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and
>
> (E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant[.]

22. Because the 2012 Plan allows for the granting of stock options and rights, the Company must disclose, *inter alia*, and in the Solicitation, "[t]he market value of the securities underlying the options, warrants, or rights as of the latest practicable date[.]"

23. The preceding paragraphs state a direct claim for relief against Supernus under Section 14(a) for acting in contravention of the rules and regulations prescribed by the SEC.

24. As a result of these actions, Plaintiff will be injured. Plaintiff has no adequate remedy at law. He will suffer irreparable harm if no action is taken to prevent this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 4,000,000 shares of common stock to be granted to an unknown number of persons who qualify as eligible.

25. If these defects are not cured, it is necessary for the Court to take action to enjoin the vote on the Proposals beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed stockholder approval because unwinding awards following the Annual Meeting would be impracticable.

26. To prevent injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with Schedule 14A, Items 10(a)(1) and 10(b)(2)(i), and which is timely furnished to stockholders.

27. Supernus should be enjoined from presenting the Proposals for stockholder votes at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with the Proposals unless the appropriate disclosures are timely furnished.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against Supernus, as follows:

(A) A preliminary and permanent injunction, enjoining Supernus from:

i. certifying or otherwise accepting any vote cast, by proxy or in person, in connection with the Proposals unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to stockholders; and

ii. presenting the Proposals for a stockholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to stockholders;

(B) A preliminary and permanent injunction requiring Supernus to furnish a supplemental proxy statement with the information required by 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) that is cured of material disclosure defects pursuant to Section 14(a) of the Exchange Act;

(C) Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Supernus's stockholders to the extent that a common benefit is conferred, and;

(D) Granting such other and further relief as this Court may deem just and proper.

Dated: April 29, 2020

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

 /s/ Michael J. Klein
Michael J. Klein
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
mklein@aftlaw.com

**Attorneys for Plaintiff**